10-2774-cr
United States v. Pereyra

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand eleven.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                  *Circuit Judges*,
             DENISE COTE,
                  *District Judge*.[*]

---

UNITED STATES OF AMERICA,

                  *Appellee*,

          -v.-                                    10-2774-cr

ELEAZAR PEREYRA,

                  *Defendant-Appellant*.

---

For Appellee:          Douglas M. Pravda, William David Sarratt (*on the brief*), David C. James (*on the brief*), Assistant United States Attorneys (Loretta E. Lynch, United States Attorney), Eastern District of New York, Brooklyn, NY.

---

[*] The Honorable Denise Cote, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                    David J. Klem, Washington Square Legal Services, Inc., New York, NY.

       Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

       Eleazar Pereyra appeals his conviction for resisting arrest, *see* 36 C.F.R. § 2.32(a)(1), and disorderly conduct, *see id.* § 2.34(a)(1), on federal park land, for which he was sentenced to six months of probation and a $500 fine.  Pereyra was convicted after, inter alia, trying to shove a police officer of the United States Park Police, resisting being handcuffed, and grabbing the police officer's holstered gun, while on a crowded beach.  Pereyra principally argues that "[t]he trial court committed clear error in both crediting the contradictory accounts of the two witnesses and in failing to resolve the sharp factual disputes between those witnesses."  Pereyra also contends that the arresting officer's testimony about how Pereyra grabbed his gun described a "physically impossible" maneuver that the court could not have credited.  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

       "When reviewing a claim of insufficiency of the evidence, 'the standard of review is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial.'"  *United States v. Pierce*, 224 F.3d 158, 164 (2d Cir. 2000).  "We will not disturb [a] conviction if, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Greer*, 631 F.3d 608, 613 (2d Cir. 2011) (quoting *United States v. Xiao Qin Zhou*, 428 F.3d 361, 370 (2d Cir. 2005)).

       In light of these principles, we conclude for substantially the same reasons articulated by the district court that the evidence presented at trial is sufficient to support Pereyra's convictions.

       We have considered all of Pereyra's remaining arguments and find them to be without merit.  For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk